# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-01952-SBP

DORIAN N. RIVERA,

     Plaintiff,

v.

DIVERSIFIED RECOVERY BUREAU LLC,

     Defendant.

---

## ORDER OF UNITED STATES MAGISTRATE JUDGE

---

**Susan Prose, United States Magistrate Judge**

This matter comes before the court on Defendant Diversified Recovery Bureau LLC ("Defendant")'s Motion for Summary Judgment ("Motion," ECF No. 33) as to Plaintiff Dorian N. Rivera ("Plaintiff")'s complaint for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 5-16-101 *et seq.* ("CFDCPA"). ECF No. 1. The undersigned Magistrate Judge fully presides over this case pursuant to 28 U.S.C. § 636(c), the parties' consent (ECF Nos. 12, 27), and the Order Referring Case dated February 10, 2025 (ECF No. 28). Having now reviewed the Motion and the related submissions filed by the parties, the entire docket, and the applicable law, the court respectfully **ORDERS** that Defendant's Motion is **DENIED**.

## UNDISPUTED MATERIAL FACTS

The following facts are drawn from the statements of undisputed fact filed by the parties and from accompanying filings, as well as the docket in this matter. The court finds that there is

no genuine dispute as to the following facts except as otherwise noted.

On February 26, 2024, Defendant emailed Plaintiff attempting to collect an alleged debt. Defendant's Statement of Undisputed Facts ("SOUF") ¶ 1, Motion at 2-3. On March 11, 2024, Defendant sent a second email to Plaintiff again attempting to collect on this debt. *Id*. ¶ 2. Replying to this second email on March 12, 2024, Plaintiff stated:

> Im sorry I don't know you or this account and you seem very aggressive with your assertions that I owe you and I reject to pay. I have never seen this account or heard of you prior to these emails and it is causing me distress seeing someone trying to take advantage of me it causes me headaches.

*Id*. ¶ 3 (errors of language and grammar in original); *see* Ex. A to Declaration of Scott Ryan ("Email Chain"), ECF No. 33-1 (containing the full email chain between Plaintiff and Defendant). Later that same day, Defendant sent the following in response to Plaintiff's email:

> Your request to Diversified Recovery Bureau has been updated and a request for the documentation has been submitted. Do you give consent for these documents to be sent via email? If you have any further questions, please contact us at (888) 612-3634.

Defendant's SOUF ¶ 4; *see* Email Chain. The footer to Defendant's email stated as follows: "This is a communication from a debt collector attempting to collect a debt. . . ." *Id*.

Later that same day, after receiving Defendant's latest email, Plaintiff responded, stating only: "I[']m reluctant to pay the debt[.]" Defendant's SOUF ¶ 5; *see* Email Chain. Communication between the parties ceased after Plaintiff sent this second email. Defendant's SOUF ¶ 6.

As a result of this interaction, Plaintiff filed suit in this matter seeking redress for violations of the FDCPA and the CFDCPA. *See generally* ECF No. 1. Plaintiff alleges that the undisputed actions articulated above show that Defendant "continu[ed] collection activities after

Plaintiff questioned the debt" and that Defendant "continu[ed] to communicate with Plaintiff after Plaintiff explicitly requested in writing that Defendant cease such communication." *Id*. at 1-2.

Defendant filed the Motion on July 15, 2025, seeking summary judgment as to each of Plaintiff's claims. Plaintiff responded on August 6, 2025. ECF No. 34. Defendant replied on August 20, 2025. ECF No. 36.

## LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (citation modified).

A movant who does not bear the ultimate burden of persuasion at trial need not disprove the other party's claim; rather, the movant must only point the court to a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986)). Once the movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation omitted). To meet that burden, the nonmovant must point to competent summary judgment evidence; conclusory statements based on speculation, conjecture, or subjective belief are insufficient. *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th

3

Cir. 2004); *see also* 10B Wright & Miller's *Federal Practice and Procedure* § 2738 (4th ed. May 2025 update) (stating that the nonmovant cannot rely on "mere reargument of a party's case or a denial of an opponent's allegations" to defeat summary judgment).

"A 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson*, 477 U.S. at 249). At all times, the court views the record in the light most favorable to the nonmoving party. *Banner Bank v. First Am. Title Ins. Co.*, 916 F.3d 1323, 1326 (10th Cir. 2019).

In applying these principles, this court is mindful that Plaintiff proceeds pro se and thus affords her papers and filings a liberal construction. *Smith v. Allbaugh*, 921 F.3d 1261, 1268 (10th Cir. 2019). But the court cannot and does not act as her advocate, *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019), and applies the same procedural rules and substantive law to Plaintiff as to a represented party. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018); *see also Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1235 (D. Colo. 2012) ("*Pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel, or the requirements of the substantive law[.]").

## ANALYSIS

Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect

4

consumers against debt collection abuses." 15 U.S.C. § 1692(e).[1] The Act provides a civil cause of action against any debt collector who fails to comply with its requirements. *See* 15 U.S.C. § 1692k(a). A plaintiff need not prove that a debt collector acted intentionally when it violated the FDCPA and, as a result, it is often described by courts as "a strict liability statute." *See Johnson v. Riddle*, 305 F.3d 1107, 1122 n.15 (10th Cir. 2002) (collecting cases); *see also Walter v. HSM Receivables*, No. 13-cv-00564-RM-KLM, 2014 WL 5395197, at *2 (D. Colo. Oct. 23, 2014) (in granting summary judgment in favor of a plaintiff on an FDCPA claim, explaining that "FDCPA is a strict liability statute; a plaintiff need only show one violation of its provisions to obtain summary judgment") (citations omitted).

The parties do not appear to dispute the relevant law here. As Defendant notes, to establish a violation of the FDCPA, Plaintiff must show that (1) she is a "consumer" within the meaning of 15 U.S.C. § 1692a(3); (2) the debt at issue arises out of a transaction entered into primarily for personal, family, or household purposes and is therefore a consumer debt as defined in 15 U.S.C. § 1692a(5); (3) Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and (4) Defendant, through its acts or omissions, violated a provision of the FDCPA. *Walter*, 2014 WL 5395197, at *2; *Deporter v. Credit Bureau of Carbon Cnty.*, No. 14-cv-00882-KMT, 2015 WL 1932336, at *3 (D. Colo. Apr. 28, 2015) (same). Here, there is no dispute that Plaintiff is a consumer, that the debt at issue qualifies as a debt under the FDCPA, or that

---

[1] The CFDCPA "share[s] the same remedial goal [as the FDCPA] of protecting consumers against debt collection practices that take advantage of . . . persons who receive a debt collection communication.'" *Shibata v. Accredited Mgmt. Sols., LLC*, No. 20-CV-01156-PAB-KLM, 2021 WL 4291018, at *4 (D. Colo. Sept. 21, 2021) (quoting *Peterson-Hooks v. First Integral Recovery, LLC*, No. 12-cv-01019-PAB-BNB, 2013 WL 2295449, at *5 (D. Colo. May 24, 2013)).

Defendant is a debt collector within the meaning of the FDCPA. Thus, to prevail in this matter, Plaintiff need only show that Defendant violated a provision of the FDCPA.

Additionally, the court agrees with Defendant that pursuant to 15 U.S.C. § 1692c(c), "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt," except pursuant to certain exceptions that Defendant acknowledges are not related to this case. The court also agrees that pursuant to 15 U.S.C. § 1692g(b), "[i]f the consumer notifies the debt collector in writing . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector." And the court further acknowledges that notices received from the debt collector are evaluated under the "least sophisticated consumer" test. *See Deporter*, 2015 WL 1932336, at *3 ("The Tenth Circuit has not expressly adopted this standard, but it has, in an unpublished opinion, 'applied an objective standard, measured by how the least sophisticated consumer would interpret the notice received from the debt collector.'") (citing *Ferree v. Marianos*, 129 F.3d 130 (10th Cir. 1997)); *see also Fouts v. Express Recovery Servs.*, 602 F. App'x 417, 421 (10th Cir. 2015) (acknowledging the "least sophisticated consumer" test) (citing *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993)).

The court also finds that there is no genuine dispute as to what the material facts are here. However, the court concludes that as far as Defendant is concerned, at *best*, there is a dispute as to how these facts should be interpreted such that a rational trier of fact could resolve the

underlying issues either way, creating a genuine issue for trial and thereby precluding summary judgment.

Defendant raises two primary arguments in moving for summary judgment, neither of which demonstrates that it has satisfied its burden of proving the nonexistence of a genuine dispute of material fact. First, Defendant asserts that Plaintiff's first email was a "request for validation of the debt" rather than a request to cease communications; and second, Defendant asserts that even if Plaintiffs' email was a request to cease communication, Defendant's follow-up email was a confirmation of Plaintiff's inquiry concerning the validity of the debt rather than an attempt to collect the debt. *See* Motion at 5.

Turning to Defendant's first argument, Defendant states that "Plaintiff's contention that her response to [Defendant's] March 11, 2024 email was a request for [Defendant] to cease communications is contradicted by the plain language of the email" because Plaintiff used language like "I don't know you or this account" and "I have never seen this account or heard of you prior to these emails," which Defendant argues reflects that Plaintiff was questioning the validity of the debt rather than attempting to shut down communication and evidences "a lack of validation of the legitimacy of the debt rather than an outright refusal to pay." *Id*. at 5-6. In viewing Plaintiff's communication in the light most favorable to her, the court is compelled to disagree.

Plaintiff's email does not reflect an unambiguous request for validation of the debt. Indeed, there is no language contained within the email indisputably reflecting that Plaintiff made a request of any kind; as noted above, the only language Defendant cites in support of the idea that Plaintiff made such a request are the statements "I don't know you or this account" and

"I have never seen this account or heard of you prior to these emails," neither of which indisputably reflects a request at all, let alone a request for validation of a debt. *See* Email Chain. Instead, the email at *least* arguably reflects a request for Defendant to cease communications in the form of Plaintiff's statement "I reject to pay": as Plaintiff notes, under the FDCPA, and as stated above, "[i]f a customer notifies a debt collector in writing that the customer refuses to pay a debt . . . the debt collector shall not communicate further with the consumer with respect to such debt" except in the case of enumerated exceptions not applicable here. 15 U.S.C. § 1692c(c). In moving for summary judgment, Defendant makes much of the fact that Plaintiff, in responding to Defendant, seemingly did not use language explicitly requesting that Defendant cease all communication with her, *see, e.g.*, ECF No. 36 at 2, but in doing so, Defendant ignores the requirement that all communication must cease when Plaintiff has stated that she "refuses to pay [the] debt." Since Plaintiff stated that she "reject[ed] to pay" the debt in sending her first email, under this provision, she has, at minimum, created a fact dispute as to whether she triggered Defendant's obligation not to communicate further with her with respect to the debt.

Turning to Defendant's second primary argument, the court notes that this argument runs into the same problems as the first argument. Conceding, as Defendant does in crafting this argument, the premise that Plaintiff's email amounted to a request to cease communications, *see* Motion at 6, then even if Defendant's email in response to Plaintiff's email was merely a confirmation of an inquiry concerning the validity of the debt rather than an attempt to collect the debt, under 15 U.S.C. § 1692c(c), it appears that Defendant is required to cease communications *entirely* with respect to the debt except under certain enumerated exceptions. Confirming the validity of the debt is not one of these exceptions, and Defendant has not argued otherwise, nor

has Defendant otherwise addressed this point. Moreover, the footer of Defendant's email response to Plaintiff—though admittedly comprised of seemingly pro forma, boilerplate language—states that the email is "a communication from a debt collector attempting to collect a debt. . . ." *See* Email Chain. The court finds that this point alone would be independently sufficient to create, at minimum, a factual dispute as to whether the email was an attempt to collect a debt rather than, as Defendant claims, merely an email confirming an inquiry into the validity of a debt.

For completeness, the court next briefly addresses Defendant's subsidiary arguments for summary judgment and concludes that Defendant likewise has failed to establish that it is entitled to judgment as a matter of law on these grounds.

Defendant contends that Plaintiff "admits in her own affidavit submitted with the Complaint that . . . she expected [Defendant] to send her documents that validated the debt" because she "reasonably believe[d] that Defendant would send verification documents to incorrect address[es] in their files." Motion at 6; *see* Plaintiff's Affidavit, ECF No. 1-2 at ¶ 8. Viewed in context, however, and assuming that Plaintiff's subjective belief is somehow relevant here, Plaintiff is stating that she believed that Defendant would have *proactively* attached such documents when they first reached out to her rather than waiting for her to respond before sending verification documents. In other words, construing this communication in her favor, Plaintiff meant that she would have expected Defendant to send such documents as attachments to its *first* email sent on February 26, 2024 or perhaps to the *first* email Defendant sent on March 12, 2024, not, as Defendant claims, the email Defendant sent in *response* to Plaintiff's email. Accordingly, the court does not find this argument to be compelling.

Finally, Defendant asserts Plaintiff's second email supports its case for summary judgment because Plaintiff's use of the word "reluctant" suggests that she had not actually intended to refuse to pay the debt in her first email and therefore never requested that communication cease. Motion at 7. Even presuming that the language Plaintiff used in this second email might somehow affect whether Defendant's *prior* response to Plaintiff's initial email was appropriate, this point would at most be but one factor a fact-finder could consider in evaluating whether Plaintiff intended to refuse to pay the debt. And the court notes that in crafting this argument, Defendant says that it "erred on the side of caution and ceased any further communication with Plaintiff" when she sent her second email noting that she was "reluctant" to pay the debt. *Id*. Though the point holds no weight in the court's analysis here, the court finds it odd that Defendant does not state that it proceeded with the same caution when Plaintiff used the word "reject" in discussing payment of the debt—a seemingly far less ambiguous term—in her first email.

In sum, because Defendant has failed to meet its burden to establish the nonexistence of a genuine dispute as to any material fact, the court denies Defendant's motion for summary judgment on the FDCPA claim. The court reaches the same conclusion with respect to that aspect of the Motion seeking summary judgment on Plaintiff's CFDCPA claim, which hinges on the same arguments the court has found unavailing in connection with the FDCPA claim. Accordingly, the court denies Defendant's request for summary judgment in its entirety.

## CONCLUSION

Consistent with the foregoing, the court respectfully **ORDERS** that Defendant's Motion for Summary Judgment (ECF No. 33) is **DENIED**.

DATED: March 31, 2026                    BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

11